IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Michael McKoy, #299320,                    )
                                           )    C/A No. 0:08-02363-HMH-PJG
                Petitioner,                )
                                           )
        vs.                                )    **REPORT AND RECOMMENDATION**
                                           )
Warden, Kershaw Correctional               )
Institution; State of South Carolina,      )
                                           )
                Respondents.               )
_____)

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil

Rule 73.02(B)(2) DSC on the respondents' motion for summary judgment (Docket Entry 37).  The

petitioner, Michael McKoy ("McKoy"), a self-represented state prisoner, filed this petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254.

The respondents filed a motion for summary judgment.  (Docket Entry 37.)  Pursuant to

Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary

judgment and dismissal procedures and the possible consequences if he failed to respond adequately

to the motion.  (Docket Entry 38.)  McKoy filed a response in opposition to respondents' motion.

(Docket Entry 41.)  The motion is now before the court for a Report and Recommendation.

## BACKGROUND

McKoy was indicted in January 2004 in Sumter County for distribution of crack cocaine and

distribution of crack within proximity of a school (04-GS-43-93).  (See PCR[1] R. on App. at 25,

Docket Entry 36-5 at 27.)  McKoy was represented by John Stephen Keffer, Esquire, and on January

14, 2004, pled guilty to distribution of crack cocaine (second offense) for a negotiated sentence of

_____

[1]Post-Conviction Relief.

ten (10) years' imprisonment and a fine of $50,000.00. (PCR R. on App. at 1-9, 24, Docket Entry 36-5 at 3-11, 26.)[2] McKoy did not file a direct appeal.

On March 22, 2004, McKoy filed an application for post-conviction relief ("PCR"). (See McKoy v. State of South Carolina, 04-CP-43-378, PCR R. on App. at 19-23, Docket Entry 36-5 at 21-25.) He amended his application on September 14, 2004 and again on October 19, 2004. (PCR R. on App. at 28-31, Docket Entry 36-5 at 30-33.) McKoy raised the following issues in his PCR application, as amended:

1.      Ineffective assistance of counsel.

      a.      Counsel failed to review and investigate the chain of custody.

      b.      Counsel failed to advise of 85% service of sentence before being eligible for parole.

      c.      Counsel failed to perfect his appeal from the guilty plea.

      d.      Counsel did not advise client of requirements after max out of his sentence that could subject him to further incarceration.

      e.      Counsel did not investigate the indictment which failed to include all essential elements of the crime of distribution and distribution within proximity of a school.

      f.      Counsel made prejudicial statements against client at the plea.

      g.      Counsel failed to investigate the disparities concerning the alleged weight of the illegal substance when it was seized and when it was tested.

      h.      Counsel promised the applicant that if he pled guilty the charges would be reduced to simple possession.

2.      Guilty plea was involuntary, unknowing, and unintelligent.

3.      The trial court lacked subject matter jurisdiction.

---

[2]The court notes that the transcript of the hearing is included twice in the PCR Record, on pages 1-9 and repeated on pages 10-18. The only discrepancy between these two transcripts appears to be the date of the hearing on first page of each transcript.

(PCR R. on App. at 20, 28-31, Docket Entry 36-5 at 22, 30-33.)  The State filed a Return on November 22, 2004.  (PCR R. on App. at 32, Docket Entry 36-5 at 34.)

On March 23, 2005, the PCR court held an evidentiary hearing at which McKoy was represented by Charles Brooks, Esquire.  (PCR R. on App. at 39-82, Docket Entry 36-5 at 41-84.) The PCR judge denied McKoy's PCR application by order filed April 18, 2005.  (PCR R. on App. at 83-90, Docket Entry 36-5 at 85-92.)

McKoy timely filed a Notice of Appeal with the South Carolina Supreme Court and was represented by Joseph L. Savitz, Esquire, Chief Attorney of the South Carolina Office of Appellate Defense.  On December 13, 2005, counsel filed a Johnson[3] Petition for Writ of Certiorari and Petition to be Relieved as Counsel, in which he raised the following issue:

> By allowing petitioner to plead guilty to a crime he later claimed he had not committed, defense counsel failed to render effective assistance as required by Hill v. Lockhart, 474 U.S. 52 (1985).

(Docket Entry 36-2 at 3.)

The South Carolina Supreme Court transferred the PCR appeal to the South Carolina Court of Appeals.  On May 14, 2007, the South Carolina Court of Appeals denied the petition for a writ of certiorari.  (Docket Entry 36-3.)  The remittitur was issued on June 1, 2007.  (Docket Entry 36-4.)

In addition to his original PCR application, McKoy filed a "Notice and Petition for Writ of Mandamus" on February 26, 2007, in the Court of Common Pleas in Sumter County.  (McKoy v. State, 07-CP-43-425, Docket Entry 36-6.)  McKoy's *pro se* petition raised the following issues:

---

[3] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals).  Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited.  Anders, 386 U.S. at 744.

1.    Petitioner's sentence violates the due process and equal protection clause of the 14th Amendment to the United States Constitution as well as Articles I and III of the South Carolina Constitution;

2.    South Carolina Code § 44-53-375 conflicts with §§ 16-1-20 and 16-1-30 as they pertain to parol eligibility;

3.    South Carolina Code §§ 16-1-20 and 16-1-30 are unconstitutional in that they subject him to disparate treatment from other similarly situated non-violent repeat offenders.

4.    Classifying Petitioner's offense as a no parole offense based solely on the fact that the crime carries a potential sentence exceeding twenty years is insubstantial to support a legitimate government rational basis and therefore violates the equal protection clause.

(See id.)

The State responded by filing a return and motion to dismiss, along with a proposed conditional order of dismissal. (Docket Entries 36-7 and 36-8.) The conditional order of dismissal was signed August 21, 2007. Specifically, the order stated that McKoy's claims were untimely and beyond the state PCR statute of limitations, S.C. Code § 17-27-45, and that, even if it had been timely filed, it was successive to McKoy's earlier PCR action. (Docket Entry 36-9.) A final order of dismissal was entered on November 18, 2008. (Docket Entry 36-11.)

McKoy also filed a "Notice and Motion for Writ of Habeas Corpus" with the South Carolina Supreme Court on April 25, 2008. (Docket Entry 36-12.) In this motion, McKoy relied upon United States v. Booker, 543 U.S. 220 (2005), and Kimbrough v. United States, 552 U.S. 85 (2007), to assert, among other arguments, that state PCR relief was unavailable at the time he filed his original PCR application. See infra at 10-11. The South Carolina Supreme Court denied McKoy's petition, stating that McKoy "has not shown that 'there has been a violation which, in the setting, constitutes a denial of fundamental fairness shocking to the universal sense of justice.'" (Order, Docket Entry 36-14 (quoting Simpson v. State, 329 S.E.2d 429 (1998)). McKoy then filed a petition for rehearing, which was subsequently denied. (Docket Entries 36-15 and 36-17.)

In McKoy's petition for a writ of habeas corpus filed in this court, he raises the following claims:

1.   **Cruel and Unusual Punishment**—McKoy contends that the United States Supreme Court's rulings in <u>Booker</u> and <u>Kimbrough</u> regarding the crack/powder disparity is at odds with the State's ruling.  McKoy argues that the <u>Booker</u> and <u>Kimbrough</u> cases should control and be applied to reduce his sentence.  Petitioner should be resentenced.

2.   **Equal Protection/Application of the Law and Due Process**—McKoy alleges that <u>Kimbrough</u> and <u>Booker</u> must be applied to reduce his sentence.  He claims that his sentence violates the 14th Amendment equal protection, and an unconstitutional discrimination.  He also alleges that the disparity of crack/powder seriously affected the fairness, integrity, or public reputation of judicial proceedings.

(<u>See</u> Pet., Docket Entry 1.)

## DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

**B.**    **Habeas Corpus Standard of Review Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

C.      **Respondents' Motion for Summary Judgment**

1.      **Statute of Limitations**

The respondents first argue that the petition is untimely under the one-year statutory deadline set forth in 28 U.S.C. § 2244(d)(1)(A). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). McKoy's conviction became final ten days after January 14, 2004, the date of his plea, as this was the last date on which he could serve a notice of appeal to the South Carolina Supreme Court. Rule 203(b)(2), SCACR. Thus, his conviction became final on January 24, 2004. Accordingly, the limitations period expired on January 24, 2005, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2), see also United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (holding that one-year limitation period in AEDPA should be calculated using anniversary date method even when intervening period includes leap year); Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir.2000).

McKoy filed a state PCR application on March 22, 2004. At that point, 58 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of the PCR action until no later than June 1, 2007, when the South Carolina Court of Appeals issued the remittitur from its order denying certiorari review on the PCR order of dismissal. See, e.g., Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (holding that "§ 2244(d)(2) does not toll the limitations period from the time of denial of state habeas relief by the state high court until the time in which a petitioner could have petitioned the United States Supreme Court for

certiorari").  At this time, McKoy had 307 days of statutory time remaining, which means that

McKoy had until April 3, 2008 to file his federal habeas petition.[4]

　　　McKoy's initial petition was filed on June 24, 2008.[5]  Houston v. Lack, 487 U.S. 266, 270-71

(1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for

forwarding to the district court).  As of the filing date of the initial petition, 389 days of non-tolled

time had run from the final denial of the state PCR action.  Adding the 58 days that accrued between

the date his conviction became final and the filing of the PCR application results in a total of 447

days of non-tolled time.  Accordingly, McKoy filed his federal habeas application approximately 82

days after the expiration of the one-year limitations period under § 2244(d)(1)(A).

　　　McKoy contends that he filed these claims after "discovering" Kimbrough v. United States,

552 U.S. 85 (2007), and that he could not have raised these issues during his sentencing or PCR

hearings, as they were held in 2004, prior to the issuance of the Kimbrough decision.  (Pl.'s Resp.

---

[4]While McKoy filed a second PCR application on February 27, 2007, it did not toll the statute of limitations in this matter, as it was dismissed for various reasons including a violation of the state statute of limitations.  See Pace v. DiGulielmo, 544 U.S. 408, 414 (2005) ("[W]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."). Further, McKoy filed a petition for a writ of mandamus with the South Carolina Supreme Court; however, it was filed on April 25, 2008, twenty-two days *after* his statutory time under § 2244(d)(1)(A), (d)(2) had expired.

[5]McKoy's initial petition (Docket Entry 1) as filed did not contain sufficiently detailed information to permit this court to conduct the initial review required in all prisoner-filed habeas corpus actions under the provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996.  As a result, the court issued an order requiring McKoy to bring his Petition into proper form.  (Docket Entry 7.)  McKoy then filed a motion for an extension of time to bring his case into proper form (Docket Entry 12), which was granted by order dated August 5, 2008 (Docket Entry 13).  The Houston v. Lack delivery date for McKoy's petition  in proper form is August 13, 2008, at which point 438 days of non-tolled time had run from the final denial of the state PCR action.  This court, however, will view the filing date of the Petition in the light most favorable to the Petitioner and will use the filing date of the initial Petition—June 24, 2008—in determining McKoy's period of limitations.  See Fed. R. Civ. P. 15(c)(1)(B) (discussing relation back of amendments).

Opp. Summ. J. at 1, Docket Entry 41.)  Therefore, to the extent that McKoy is attempting to assert that Kimbrough establishes a newly recognized constitutional right, § 2244(d)(1)(C) provides that the one-year limitation period will not begin to run before "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2244(d)(1)(C).

Kimbrough does not aid the Petitioner.  In Kimbrough, the Supreme Court held that a policy disagreement with the cocaine powder/crack cocaine disparity in the federal Sentencing Guidelines can be grounds for a sentence outside the Guidelines.  Kimbrough is a decision affecting the *federal* sentencing structure and has no application to state court sentencing practices.  In its decision, the Supreme Court discusses concerns with the disparity in sentencing between powder cocaine and crack cocaine, but it does not hold or even suggest that the disparity is unconstitutional.  Moreover, Kimbrough did not announce a new rule of law; rather, it simply reiterated the Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005), that the federal Guidelines are advisory. See Teague v. Lane, 489 U.S. 288, 301 (1989) (stating that generally a "new rule" is one that "breaks new ground or imposes a new obligation on the States or the Federal Government," or "was not *dictated* by precedent existing at the time the defendant's conviction became final").  Thus, because Kimbrough did not recognize a new constitutional right, the one-year statute of limitations under § 2244(d)(1)(C) applies to McKoy.

Accordingly, McKoy's habeas petition was not timely filed, and it is barred by § 2244(d).

2.     **Merits**

Even if McKoy's habeas petition were timely filed, McKoy is not entitled to relief. McKoy argues that the holdings in <u>Booker</u> and <u>Kimbrough</u> announced a new rule that should be applied retroactively to him pursuant to Teague v. Lane, 489 U.S. 288 (1989).[6]

As stated above, <u>Booker</u> held that the *federal* guidelines are advisory and <u>Kimbrough</u> held that a policy disagreement with the cocaine powder/crack cocaine disparity in the *federal Sentencing Guidelines* can be grounds for a *non-Guidelines* sentence. <u>See</u> Booker, 543 U.S. 220, Kimbrough, 552 U.S. 85. In 2004, McKoy was sentenced in state court pursuant to a negotiated plea and sentence of ten years' imprisonment for a second offense of distribution of crack cocaine—a state crime. The federal Sentencing Guidelines were not applicable to McKoy's negotiated sentence or plea.

Moreover, in 2004, the crime of "distribution of crack cocaine" (second offense) for less than one gram of crack cocaine carried a punishment of "not more than twenty-five years" and "not less than fifty thousand dollars." S.C. Code Ann. § 44-53-375(B) (Supp. 2004); (<u>see also</u> PCR R. on App. at 2-3, Docket Entry 36-5 at 4-5). Further, at that time, distribution of cocaine for a second offense carried a punishment of "not less than five years nor more than thirty years and up to a $50,000 fine." S.C. Code § 44-53-370(b)(1) (Supp. 2004). Therefore, McKoy's potential sentence of incarceration for distribution for crack cocaine carried a lesser potential sentence of zero to

_____

[6]Under <u>Teague</u>, a state prisoner collaterally attacking his conviction may not rely on a new rule announced after his conviction became final; however, "old" rules of criminal procedure apply "both on direct and collateral review." Whorton v. Bockting, 549 U.S. 406, 416 (2007). The non-retroactivity rule applicable to new rules is subject to two exceptions: (1) "[I]f the rule places a class of private conduct beyond the power of the State to proscribe, . . . or addresses 'substantive categorical guarante[e] accorded by the Constitution,' such as a rule 'prohibiting a certain category of punishment for a class of defendants because of their status or offense,'" or (2) "'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." Saffle v. Parks, 494 U.S. 484, 494-95 (1990) (citations omitted).

twenty-five years, whereas a distribution of powder cocaine offense carried a higher minimum sentence of five years and a higher maximum sentence of thirty years. Therefore, even if the holding of <u>Kimbrough</u> applied to McKoy's case, not only is there no evidence that a sentencing disparity existed under South Carolina law between cocaine powder and crack cocaine when McKoy was sentenced in 2004, but, if he were re-sentenced under the cocaine powder punishments in effect in 2004, he would be subjecting himself to a potentially higher maximum sentence.

Accordingly, there is no indication that the decision of the South Carolina Supreme Court denying McKoy's petition for a writ of mandamus and concluding that McKoy had not shown a violation constituting "a denial of fundamental fairness shocking to the universal sense of justice" was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or that the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." (Order, Docket Entry 36-14); <u>see also</u> 28 U.S.C. § 2254(d)(1), (2).

## RECOMMENDATION

Based upon the foregoing, the court finds that McKoy's Petition was not timely filed and is therefore barred by § 2244(d). Moreover, even considering the merits of McKoy's Petition, he is not entitled to federal habeas relief, as the holdings of <u>Kimbrough</u> and <u>Booker</u> are not applicable to a state sentence. Finally, even if those cases applied to a state sentence, their holdings would not aid McKoy. Accordingly, the court recommends that the respondents' motion for summary judgment (Docket Entry 37) be granted.

Paige J. Gossett

June 16, 2009
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).